**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**LEROY L. PERDUE,**

          **Petitioner,**

v.                                                    **Criminal No. 2:17-cr-116**

**UNITED STATES OF AMERICA,**

          **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Leroy L. Perdue's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 826 ("Pet'r's Mot."). The Government opposed the Motion. ECF No. 829 ("Resp. Opp."). This matter is now ripe for judicial determination. For the reasons below, Petitioner's Motion is **DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

On September 7, 2017, Petitioner was named in a three-count Superseding Indictment. ECF No. 141. Count One charged Petitioner with Conspiracy to Manufacture, Distribute, and Possess with Intent to Manufacture and Distribute Heroin, in violation of 21 U.S.C. § 846. *Id.* Count Three charged Petitioner with Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3)(A). *Id.* Count Four charged Petitioner with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *Id.*

On May 7, 2018, the Government filed Information to Establish Prior Conviction as to Leroy L. Perdue pursuant to 21 U.S.C. § 851 to increase the term of imprisonment to mandatory life imprisonment on Count One and a mandatory minimum of ten years imprisonment on Count

1

Four. ECF No. 393. On May 22, 2018, a five-day jury trial commenced before the Court. ECF Nos. 423-427. On May 30, 2018, the jury found Petitioner guilty of all Counts. ECF No. 428. On September 19, 2018, the Court sentenced Petitioner to life imprisonment on Count One, 60 months imprisonment on Count Three, and 180 months imprisonment on Count Four, all to run concurrently. ECF Nos. 459, 460. On March 19, 2024, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 763. On July 23, 2024, Petitioner filed the motion through counsel. ECF No. 789. On September 6, 2024, the Government filed its Response in Opposition. ECF No. 799. On September 23, 2024, Petitioner filed a Reply. ECF No. 805. On October 16, 2024, the Court issued a Memorandum Opinion and Order denying Petitioner's Motion for Compassionate Release. ECF No. 808.

On August 20, 2025, Petitioner filed a *pro se* Renewed Motion for Compassionate Release. ECF No. 821. On November 10, 2025, Petitioner filed a two-page Renewed Motion for Compassionate Release through counsel. Pet'r's Mot. On December 24, 2025, the Government filed a one-page Response in Opposition. Resp. Opp.

According to his Presentence Investigation Report ("PSR"), in 2007, Alonzo Outten began purchasing heroin from Petitioner. ECF No. 767 ¶ 37 ("PSR"). In 2013, Outten observed Petitioner with a kilogram each of heroin and cocaine. *Id.* Outten purchased 200 to 300 grams of heroin from Petitioner every week for about one year. *Id.* In the summer of 2010, Kevin Lawrence began purchasing heroin from Petitioner and showed him how to "cut" the heroin to increase its profitability. *Id.* ¶ 38. Lawrence purchased 20 grams of heroin from Petitioner every two weeks for two months and then 100 to 200 grams every three to four weeks for approximately eighteen months. *Id.* Lawrence observed between 500 to 1,000 grams of heroin at the residence where Petitioner and his son, Darion Perdue resided. *Id.* Additionally, Lawrence observed Petitioner in

2

possession of an AK-47. *Id.* Other co-defendants continued to purchase narcotics from Petitioner until his arrest at his residence in Atlanta, Georgia. *Id.* ¶¶ 39-48. Petitioner is attributed with a total of 66.8845 kilograms of heroin, 1 kilogram of cocaine, and 28.35 grams of crack cocaine. *Id.* ¶ 49.

Petitioner reported no mental health issues. *Id.* ¶ 104. However, Petitioner reported having high blood pressure. *Id.* ¶ 102. Additionally, Petitioner admitted having substance abuse issues such as frequent alcohol consumption and marijuana abuse. *Id.* ¶¶ 105-109. The PSR assessed Petitioner with a total offense level of 44, a criminal history category of VI, and a recommended guidelines sentence of life imprisonment. *Id.* ¶¶ 125-126. Petitioner is incarcerated at Butner Medium II FCI.

Petitioner submitted two Requests for Compassionate Release to the Warden, which the Warden denied both times on November 22, 2022, and April 6, 2023. Pet'r's Mot. at 2; ECF No. 821 at 8.

## II.    LEGAL STANDARD

### A. The Threshold Requirement Standard

A petitioner may bring a motion to modify their sentence once they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies.").

3

In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and either fully exhaust[] all administrative rights to appeal the Bureau's decision or wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule and thus may be waived or forfeited if not timely raised. *Id.* at 129-130 (collecting cases from sister circuits holding the same).

**B. The Compassionate Release Standard**

As amended by the First Step Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" is defined by the United States Sentencing Commission ("Sentencing Commission") in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. Yet after the First Step Act amended § 3582(c)(1)(A) to allow defendants to petition the district court directly without clearance from the BOP, U.S.S.G. § 1B1.13 became advisory and nonbinding on courts' application of § 3582(c)(1)(A) because § 1B1.13 was no longer an "applicable" Sentencing Commission policy statement. *See United States v. McCoy*, 981 F.3d 271, 276, 283 (4th Cir. 2020). Courts were thus "empowered to consider *any* extraordinary and compelling reason for release

that a defendant might raise." *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). The most recent amendments to the Sentencing Guidelines went into effect on November 1, 2023, and U.S.S.G. § 1B1.13 now contemplates that a defendant may file a motion for compassionate release directly with the district court. *See* U.S.S.G. § 1B1.13(a) (2023). Therefore, § 1B1.13 is now an "applicable" policy statement under § 3582(c)(1)(A), and the Court must ensure that a sentence reduction granted under § 3582(c)(1)(A) is "consistent with" that Guideline. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Brown*, F. Supp. 3d 516, 519 (D. Md. 2023).

Section 1B1.13(b) identifies five broad categories by which defendants may demonstrate extraordinary and compelling reasons to reduce a sentence: (b)(1) medical circumstances; (b)(2) the defendant's age; (b)(3) family circumstances; (b)(4) whether the defendant was a victim of abuse; (b)(5) other reasons (catch-all provision);[1] and (b)(6) whether the defendant received an unusually long sentence. § 1B1.13(b)(1)-(6). Therefore, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, when evaluating whether extraordinary and compelling circumstances exist to modify a sentence under 18 U.S.C. §3582(c)(1)(A)(i).

### III.   DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner satisfied the threshold requirement. The Government does not contest such. *See* Resp. Opp. at 3. Petitioner submitted two requests for compassionate release to the Warden, which the Warden denied on November 22, 2022, and April 6, 2023. ECF No. 763-1 at 3-4. Thus, Petitioner meets the threshold requirement.

---

[1] This catch-all provision allows courts to continue to exercise discretion in considering "any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284; *see Brown*, 2023 WL 8653179, at *2 ("This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.").

**B. Petitioner's Compassionate Release Request**

The Court now addresses whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence. Petitioner alleges that compassionate release is warranted based on the following circumstances: 1) Petitioner suffers from prostate cancer and other serious health conditions; 2) changes in the law have reduced the applicable mandatory minimum from life to a terms of years; and 3) Petitioner has demonstrated a commitment to rehabilitation and has not received any disciplinary infractions. *Id.* at 1. As Petitioner recognizes, he has raised the same claims in his Renewed Motion for Compassionate Release that the Court denied on the merits in his first Motion for Compassionate Release. Pet'r's Mot. at 2 ("Last year, Mr. Perdue filed a motion that raised the same issues, ECF No. 789, which this Court denied on the merits"). Additionally, Petitioner acknowledges that there have been no changes to his health or any other circumstances. *Id.* ("At this time, the defense can identify no change in Mr. Perdue's health or other circumstances that warrants additional briefing").

The Court has reviewed the parties' memoranda, which proffer the same arguments addressed in the Court's prior Memorandum Opinion and Order on Petitioner's original Motion for Compassionate Release. ECF No. 808. For the same reasons stated therein, the Court again finds no extraordinary or compelling reasons to warrant compassionate release. *Id.* Furthermore, the Court has considered the 3553(a) factors which also do not support compassionate release. The seriousness of Petitioner's conduct in selling large quantities of heroin as the leader of a drug trafficking organization remains unchanged. Petitioner is attributed with 66.8845 kilograms of heroin, 1 kilogram of cocaine, and 28.35 grams of "crack" cocaine. PSR ¶ 49. To date, Petitioner has served approximately nine years of his life sentence, and a sentence reduction would not

6

promote respect for the law or provide adequate deterrence.[2] Therefore, the Court finds that the 3553(a) factors do not weigh in Petitioner's favor and Petitioner does not qualify for compassionate release.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Thus, Petitioner's Motion for Compassionate Release is **DENIED.** ECF No. 826.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 7 , 2026

Raymond A. Jackson
United States District Judge

---

[2] Petitioner also seeks a reduction in his sentence to a term of years citing U.S.S.G. § 1B1.13(b)(6). ECF No. 821 at 10. However, U.S.S.G. § 1B1.13(b)(6) permits the Court to consider an unusually long sentence as an extraordinary and compelling reason to grant compassionate release only if, *inter alia*, the petitioner has served ten years of their sentence. To date, Petitioner has only served nine years of his sentence. Therefore, Petitioner is not eligible for relief under U.S.S.G. § 1B1.13(b)(6).

7